## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| JULIE SU, Acting Secretary of Labor, United States Department of Labor, </br></br>   Plaintiff, </br></br> v. </br></br> EL TORO LOCO LEGENDS LLC, </br> EL TORO LOCO LENEXA LLC, </br> ALFONZO HERRERA HERNANDEZ, </br> Individually, EUGENIO YANEZ, Individually, </br> and YARELI PEREZ, Individually, </br></br>   Defendants. | Civil Action No. 2:23-cv-2115 |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, Julie Su, Acting Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the defendants El Toro Loco Legends LLC ("El Toro-Legends"), El Toro Loco Lenexa LLC ("El Toro-Lenexa"), and Alfonzo Herrera Hernandez, Eugenio Yanez, and Yareli Perez, (collectively, "Defendants") from violating Sections 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA, and to recover unpaid compensation, as well as liquidated damages, pursuant to Section 216(c) of the FLSA for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of each of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from May 21, 2020 through May 20, 2022 at El Toro-Legends, and May 24, 2020 through May 22, 2022 at El Toro-Lenexa (the "Investigation

Periods"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Periods.

### Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

### Defendants

3. Defendant El Toro Loco Legends LLC is a limited liability company within this Court's jurisdiction with an office at 1706 Village West Parkway, Kansas City, Kansas 66111 where it conducts business.

4. Defendant El Toro-Legends operates a full-service, Mexican-style restaurant in Kansas City, Kansas.

5. Defendant El Toro Loco Lenexa LLC is a limited liability company within this Court's jurisdiction a mailing address of 1706 Village West Parkway, Kansas City, Kansas 66111, and a physical location of 10088 Woodland Road, Lenexa Kansas, where it conducts business.

6. Defendant El Toro-Lenexa operates a full-service, Mexican-style restaurant located in Lenexa, Kansas.

7. Defendant Alfonzo Herrera Hernandez ("Hernandez") is the sole owner of El Toro-Legends and El Toro-Lenexa, and the registered agent for both businesses.

8. Defendant Hernandez has actively managed and supervised El Toro-Legends and El Toro-Lenexa's operations and its employees during the Investigation Periods. Among other

things, Hernandez has hired and fired employees, including a general manager, set work schedules, set pay rates, set budgets as to employee pay and schedules, and determined the working conditions at each restaurant.

9. Hernandez has acted directly or indirectly in the interests of El Toro-Legends and El Toro-Lenexa with respect to their employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

10. Defendant Eugenio Yanez ("Yanez") has actively managed and supervised El Toro-Legends and El Toro-Lenexa's operations and employees during the Investigation Periods. Among other things, Yanez is the general manager over both restaurants and has primary management responsibility for El Toro-Legends. In those roles he has hired and fired employees, set their work schedules, set their pay rates, enforced employment policies and purchased supplies and good from out of state vendors.

11. Yanez has acted directly or indirectly in the interests of El Toro-Legends and El Toro-Lenexa with respect to their employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

12. Defendant Yareli Perez ("Perez") has actively managed and supervised El Toro-Legends and El Toro-Lenexa's operations and its employees during the Investigation Periods. Among other things, Perez has primary management responsibility for El Toro-Lenexa and in that role has hired and fired employees, set their work schedules, set their pay rates, enforced employment policies and purchased supplies and good from out of state vendors.

13. Perez has acted directly or indirectly in the interests of El Toro-Legends and El Toro-Lenexa with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

14. During the Investigation Periods, Defendants engaged in business within Wyandotte and Johnson Counties, in Kansas, within this Court's jurisdiction.

**The FLSA Applies to Defendants**

15. El Toro-Legends and El Toro-Lenexa are an "enterprise" under the FLSA due to their related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r). Specifically, El Toro-Legends and El Toro-Lenexa have common ownership, common management, a common menu, and offer Mexican food under the same name to consumers.

16. El Toro-Legends and El Toro-Lenexa are an "enterprise engaged in commerce" under the FLSA, because they had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Periods. 29 U.S.C. § 203(s)(1)(A). Specifically, the restaurants purchase goods and supplies from out of state vendors including, but not limited to, Specialty Foods in Springfield, Missouri, and Restaurant Depot, in Kansas City, Missouri.

**FLSA Violations**

17. Defendants repeatedly violated Sections 206 and 215(a)(2) of the FLSA when they failed to pay their employees at least $7.25 per hour. Defendants failed to pay certain employees, including servers for all hours worked. Further, Defendants paid some employees, including kitchen employees, hosts, and chip runners, a flat salary amount that when reduced to an hourly rate was below the proscribed minimum rate. 29 U.S.C. §§ 206(a)(1), 215(a)(2).

18. Defendants also repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek, failed to pay certain employees the correct overtime

premium, paid certain non-exempt employees on a salary basis, and failed to pay the proper overtime for a non-exempt manager. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

19. Defendants violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. For example, Defendants did not make or retain the actual hours worked for kitchen employees, hosts, and chip runners, Defendant's payroll records for certain employees inaccurately reported the hours worked and pay received, Defendants failed to produced time records for servers, and Defendants failed to post the required EPPA (Employee Polygraph Protection Act) and FLSA posters. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516.

## Remedies Sought

20. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages, and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Periods, then Defendants may owe additional withheld back wages, and liquidated damages to employees.

21. Defendants may also owe additional back wages and liquidated damages, during the Investigation Periods, to their employees whose identities the Secretary does not currently know.

22. As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

## Prayer for Relief

As a result of Defendants' repeated FLSA violations, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid minimum and overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D. Providing such other relief as may be necessary and appropriate.

E. Awarding costs and granting such other and further relief as may be necessary and appropriate.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT VAN WIJK**
Associate Regional Solicitor

s/ Laura M. O'Reilly
Laura M. O'Reilly
KS Bar #25856
Attorney
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 10100
Kansas City, Missouri 64108
816-285-7262

oreilly.laura.m@dol.gov

*Attorneys for Plaintiff Julie Su, Acting Secretary of Labor, United States Department of Labor*