IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JULIE SU, ACTING SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>EL TORO LOCO LEGENDS LLC, et al.,<br><br>    Defendants. | Case No. 23-2115-JAR-RES |

## MEMORANDUM AND ORDER

Plaintiff Julie Su, Acting Secretary of the U.S. Department of Labor ("the Secretary"), brought this action under § 217 of the Fair Labor Standards Act ("FLSA")[1] to enjoin and restrain Defendants El Toro Loco Legends LLC ("El Toro-Legends"), El Toro Loco Lenexa LLC ("El Toro-Lenexa"), and Alfonzo Herrera Hernandez, Eugenio Yanez, and Yareli Perez from violating §§ 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA, and to recover unpaid compensation, as well as liquidated damages, pursuant to § 216(c) of the FLSA for Defendants' employees. Defendants filed an Amended Answer on September 7, 2023, which asserts "Cross-Claims" against six nonparties.[2] Before the Court are Plaintiff's Motion to Dismiss Defendants' Crossclaims, Pursuant to Rule 12(b)(6) (Doc. 34), and Motion to Strike Defendants' Defenses 3–15 and 17–30 Pursuant to Rule 12(f) (Doc. 32). The motions are fully briefed, and the Court is prepared to rule. As described more fully below, the Court grants the motion to dismiss crossclaims, and grants in part and denies in part the motion to strike.

---

[1] 29 U.S.C. § 217.

[2] Doc. 31.

**I.     Background**

According to the Complaint, Defendants operate two Mexican-style restaurants in Kansas City, Kansas and Lenexa, Kansas.  Hernandez is the sole owner of both restaurants.  Yanez is the general manager of both restaurants and has primary management responsibility for El Toro-Legends.  Perez has primary management responsibility for El Toro-Lenexa.  Plaintiff alleges that all of the named Defendants qualify as "employers" under the FLSA.[3]  The restaurants each employ 20–30 employees as servers, hosts, bussers, food runners, and kitchen staff.  The Secretary, through the Wage and Hour Division, conducted investigations of both restaurants for compliance with the FLSA.  After these investigations, Plaintiff found violations of the minimum wage, overtime, tip, and recordkeeping provisions of the FLSA at both restaurants.  Plaintiff alleges in the First Amended Complaint that the investigation revealed Defendants had knowledge of the requirements of the FLSA, chose not to comply, and concealed their violations through inaccurate recordkeeping practices.  Plaintiff alleges claims against Defendants for violating §§ 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA, and to recover unpaid compensation, as well as liquidated damages, pursuant to § 216(c) of the FLSA for at least 124 of Defendants' employees.[4]

Defendants' Amended Answer asserts thirty separate defenses in a section titled "Defenses, Affirmative Defenses, and Statements."[5]  It also purports to assert "Cross-claims" under Fed. R. Civ. P. 13 against Andres Sanchez, Francisco Soto, Jaime Sanchez, Gabriel Cruz Canseco, Mayra Serna, and Martin Leon Garcia.[6]  Defendants assert that these individuals are all

---

[3] *See* 29 U.S.C. § 203(d).

[4] Docs. 20, 20-1.

[5] Doc. 31 at 4–8.

[6] *Id.* at 9–13.

2

managers and supervisors who also qualify as "employers" under the FLSA. The Cross-Claim alleges that these "cross-defendants are jointly and severally liable as to all claims against defendants for all of the damages that plaintiff seeks."[7] The pleading further alleges that "[e]ach defendant may be served with process wherever each cross defendant may be found," but there is no indication that this pleading was served on these individuals. They have not appeared in this matter.

## II.     Motion to Dismiss Crossclaims

Plaintiff moves to dismiss Defendants' "Cross-claims" as procedurally and substantively improper. Under Rule 13(g),

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

As Plaintiff correctly argues in her motion, Defendants' claims, although labeled as crossclaims, are not cognizable under Rule 13(g) because the named cross-claimants were not co-parties to this action when the pleading was filed.

In the response to Plaintiff's motion, Defendants wholly fail to mention Rule 13(g), and instead invoke Fed. R. Civ. P. 14(a), which applies to third-party practice. Under Rule 14(a)(1), "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." And under Rule 14(a)(3), the third-party plaintiff may assert "any claim arising out of the transaction or

---

[7] *Id.* at 9.

occurrence that is the subject matter of the plaintiff's claims against the third-party plaintiff." "Rule 14(a) should be liberally construed . . . [but] it is not a catchall."[8] It is typically applied in two situations: "(1) where a tortfeasor is seeking contribution from a joint tortfeasor, and (2) where an insured is pursuing indemnification."[9] The third-party plaintiff's "claim . . . cannot simply be a related claim or one arising against the same general background, but must be based on the [plaintiff's] claim of liability against him."[10] "[I]mpleader is proper only if the party has a right to relief under the governing substantive law."[11] The burden of showing that impleader is appropriate rests on the third-party plaintiff.[12]

Defendants fail to show that impleader is appropriate here. First, there is no indication in the record that these third-party defendants have been served with summons and a third-party complaint. Under Fed. R. Civ. P. 4(m), when a defendant is not served within 90 days, the Court must dismiss the action without prejudice or order that service be made within a specified time. The Court must extend the service deadline if the plaintiff shows good cause for its failure to timely serve.[13] Here, more than 90 days have passed since Defendants filed their "Cross-Claims." They neither properly identified the claims, nor moved for additional time to serve once the error was pointed out to them. Defendants have not attempted to show cause for their failure to serve, much less good cause. Inadvertence, negligence, and ignorance of the rules do

---

[8] *Davis v. Mlake 11, LLC*, No. 16-CV-02249-DDC-TJJ, 2016 WL 6967455, at *2 (D. Kan. Nov. 28, 2016) (quoting *U.S. Fid. & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968)).

[9] *Admin. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 513 (D. Kan. 2003).

[10] *Id.* (citing *Bethany Med. Ctr. v. Harder*, 641 F. Supp. 214, 217 (D. Kan. 1986)).

[11] *Clark v. Assocs. Com. Corp.*, 149 F.R.D. 629, 633 (D. Kan. 1993) (first citing *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983); and then citing *In re Dep't of Energy Stripper Well Exemption Litig.*, 752 F. Supp. 1534, 1536 (D. Kan. 1990)).

[12] *Willard*, 216 F.R.D. at 514 (citation omitted).

[13] Fed. R. Civ. P. 4(m).

not constitute "good cause."[14]  Moreover, the Court declines to exercise its discretion under Rule 4(m) and extend the time for service in the absence of Defendants' showing that good cause exists, and instead finds that the claims must be dismissed without prejudice under Rule 4(m).

Second, even if Defendants properly filed and served these claims as a third-party complaint, it would be subject to dismissal.  Defendants state in their response to the motion to dismiss that they "are not seeking indemnification or contribution from cross defendants.  Defendants merely submits [sic] that all individuals that qualify as employers should have that role in the case."[15]  Yet, the "Cross-Claims" state that "cross-defendants are jointly and severally liable as to all claims against defendants for all of the damages that plaintiff seeks."[16]

Plaintiff points to Tenth Circuit authority that, under the FLSA, "a third party complaint by an employer seeking indemnity from an employee is preempted."[17]  Defendants respond that they do not seek indemnity from an employee; they seek to join other individuals who meet the definition of employer under the FLSA.  Defendants argue without citation to authority that because the Secretary "routinely assert[s] claims against employees that function in the interest of the employer, the addition of cross defendants would be consistent with plaintiff practices and does not frustrate the purpose of the FLSA."[18]  The Tenth Circuit has not squarely ruled on whether an indemnity action is permissible against a joint employer under the FLSA.  However, the Second and Ninth Circuits have held there is no right to contribution or indemnification against joint employers under the FLSA for the same reasons the Tenth Circuit found that

---

[14] *In re Kirkland*, 86 F.3d 172 (10th Cir. 1996) (first citing *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987); and then citing *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir.1994)).

[15] Doc. 41 at 6.

[16] *Id.* at 9.

[17] *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1408 (10th Cir. 1992).

[18] Doc. 41 at 7.

5

indemnity actions against employees are not cognizable.[19]  This Court agrees with the reasoning of those cases and others that have found indemnification claims against joint employers are preempted by the FLSA.[20]

 Accordingly, Plaintiff's motion to dismiss Defendants' "Cross-Claims" is granted.

**III.     Motion to Strike Defenses**

Defendants' Amended Answer also responds to the numbered paragraphs in the Amended Complaint, generally denies every allegation not specifically admitted, and asserts numbered "Defenses, Affirmative Defenses, and Statements."  Plaintiff moves to strike most of the paragraphs in this section from Defendants' Amended Answer under Fed. R. Civ. P. 12(f).  Specifically, Plaintiff moves to strike ¶¶ 3–15 and 17–30.

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[21]  Striking a pleading is a drastic measure, and may often be brought as a dilatory tactic, thus motions to strike under Rule 12(f) are generally disfavored.[22]  Because motions to strike are disfavored, "[t]he Court 'should decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party.'"[23]  Moreover, "[a] defense is insufficient if

---

[19] *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 143–44 (2d Cir. 1999); *Scalia v. Emp. Sols. Staffing Grp., LLC*, 951 F.3d 1097, 1105 (9th Cir. 2020); *see also Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992) (affirming dismissal of third-party complaint by employer against supervisor).

[20] *See Robertson v. REP Processing, LLC*, No. 19-CV-02910, 2020 WL 5735081, at *6 (D. Colo. Sept. 24, 2020) (collecting cases and explaining that "even in the case of a joint employer, permitting employers found to have violated the FLSA to seek indemnification would nevertheless undermine the purpose of the FLSA, which is to ensure employers' compliance with minimum employment standards and to protect employees, not employers." (citing *Scalia*, 951 F.3d at 1103)).

[21] Fed. R. Civ. P. 12(f).

[22] *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998); *see also Drake v. Old Dominion Freight Line, Inc.*, No. 15-1307-EFM/KGG, 2016 WL 1328941, at *2 (D. Kan. Apr. 5, 2016).

[23] *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011) (quoting *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008)).

no circumstances exist under which it can succeed as a matter of law."[24]  "The decision to grant a motion to strike is within the district court's sound discretion."[25]  The Court addresses the specific grounds for Plaintiff's motion below.

### A.    "U.S. Worker" Defense (¶ 23)

In ¶ 23, Defendants state that "Plaintiff should be required to demonstrate that it seeks damages for US workers as a prerequisite to claiming any damages other than wages."[26]  Plaintiff moves to strike on the basis that this defense is immaterial and legally barred.

29 U.S.C. § 216(b) provides that an employer who violates the overtime or minimum wage provisions "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  The definition of "employee" does not include a limitation based on immigration status.[27]  Defendants suggest that the Supreme Court's decision in *Hoffman Plastic Compounds, Inc. v. NLRB*,[28] which held that unauthorized noncitizens may not receive backpay after termination for engaging in union activities protected by the NLRA,[29] may be extended to the FLSA.  Therefore, Defendants argue that the Court should not strike this defense because they have a reasonable basis in the law to argue that it may apply.

---

[24] *Id.* (quoting *Wilhelm*, 2008 WL 474265, at *2).

[25] *Kendall State Bank v. W. Point Underwriters, L.L.C.*, No. 10–2319–JTM, 2012 WL 3890264, at *2 (D. Kan. Sept. 7, 2012).

[26] Doc. 31 ¶ 23.

[27] *See* 29 U.S.C. § 203(e).

[28] 535 U.S. 137 (2002).

[29] *Id.* at 151–52.

7

Defendants base their argument on the contention, without citation to authority, that "[i]n the wake of Hoffman Plastics, remedies available to immigrants remains [sic] in flux."[30] The Court disagrees. The statutory language, as well as the caselaw cited by Plaintiff, establishes that damages under the FLSA are not limited by an employee's immigration status.[31] And courts in this Circuit and beyond have repeatedly held that an employee's immigration status is irrelevant under the FLSA.[32] Because no circumstances exist under which this defense can succeed as a matter of law, Plaintiff's motion to strike ¶ 23 is granted.

### B. Unjust Enrichment and Set-Off Defenses (¶¶ 8, 13, 17–21, 24)

Defendants assert several defenses based on their contention that employees were unjustly enriched and Defendants are entitled to damage setoffs. Defendants claim that servers failed to clock out during breaks and after work shifts, that employees owe Defendants for meals, beverages and credit card fees, and that certain employees' wages should be offset by unreported cash tips. Plaintiff moves to strike these paragraphs on the basis of Tenth Circuit authority that disapproves of employers asserting counterclaims of unjust enrichment and set-offs.[33] While the Court agrees that such counterclaims may be subject to dismissal under this authority, it does not necessarily apply to Defendants' affirmative defenses. In fact, the Tenth Circuit has indicated that wage offsets may be an affirmative defense in an FLSA case under some circumstances.[34]

---

[30] Doc. 40 at 3.

[31] *See, e.g.*, *Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 934–37 (8th Cir. 2013); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1306 (11th Cir. 2013).

[32] *Reyes v. Snowcap Creamery, Inc.*, 898 F. Supp. 2d 1233, 1235 (D. Colo. 2012) (collecting cases); *see also Sanchez v. Creekstone Farms Premium Beef, LLC*, No. 11-4037-KGG, 2011 WL 5900959, at *3 (D. Kan. Nov. 23, 2011) ("[F]ederal courts have routinely disallowed discovery related to the immigration status of plaintiffs bringing claims under the FLSA.").

[33] *See Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983).

[34] *Mencia v. Allred*, 808 F.3d 463, 473 (10th Cir. 2015) ("The amount already paid may be in dispute to the extent of the value of [the plaintiff's] room and board, but the burden to prove the value of such wage offsets falls on the employer, not the employee." (citations omitted)).

8

It is possible that Defendants may be permitted to set off their damages if Plaintiff prevails; therefore, the Court finds that these defenses cannot be characterized as frivolous or having no chance of success.[35]

One setoff defense requires a separate discussion, however.  In ¶ 20, Defendants state that "wages should be off set by cash tips not reported by employees."[36]  The Court agrees with Plaintiff that this defense is immaterial and irrelevant.  Under the FLSA and DOL regulations, employers are not allowed to take employee tips, regardless of whether they are reported.[37]  Therefore, unreported tips cannot be used to offset back wages that may be awarded in this case.  Plaintiff's motion to strike ¶ 20 is granted.  Plaintiff's motion to strike ¶¶ 8, 13, 17–19, 21, and 24 is denied.

### C.    Personal Attacks on Plaintiff's Investigators (¶¶ 28–29)

In ¶¶ 28 and 29, Defendants state as follows:

> 28. Plaintiffs' alleged investigation was carelessly done, was unprofessional, was conducted by individuals in training and uses invented "data" that omits defendants' records.
>
> 29. The "investigation" ignores facts, records and creates unfounded allegations made out of thin air.[38]

Plaintiff moves to strike on the basis that these paragraphs assert scandalous material.  Allegations may be scandalous "if they are irrelevant and 'degrade defendants' moral character,

---

[35] *U.S. Dep't of Lab. v. Los Cocos Mexican Rest., Inc.*, No. 22-1004-JWB, 2022 WL 16571180, at *5 (D. Kan. Nov. 1, 2022) (dismissing counterclaims that employees owed the defendants for items like meals, but denying motion to strike to the extent they were asserted as affirmative defenses); *Kimble v. EOG Res., Inc.*, No. 22-CV-674, 2023 WL 2499717, at *2 (D.N.M. Mar. 14, 2023) (denying motion to strike setoff defense in FLSA case).

[36] Doc. 31 at 7.

[37] 29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.52(b).

[38] Doc. 31 ¶¶ 28–29.

9

contain repulsive language, or detract from the dignity of the court.'"[39]  Plaintiff argues that the statements in these paragraphs suggest the Wage and Hour investigators engaged in fraud that would be subject to disciplinary action, without support.  Defendants respond that they should be allowed to explore the defense that investigators made mistakes and did not follow certain procedures during the investigation.

Had Defendants articulated their defense in the Amended Answer the same way they did in the response to the motion to strike, paragraphs 28 and 29 would not be subject to a motion to strike.  Instead, Defendants used words like "unprofessional," "invented data," "carelessly," and "creates unfounded allegations made out of thin air" to describe the investigation.[40]  The Court agrees with Plaintiff that these paragraphs, rather than legitimately referencing mistakes or omissions made during the investigation, or denying the accuracy of the records involved, include exactly the type of scandalous allegations contemplated by Rule 12(f).  The motion to strike these paragraphs is granted.

### D.      Reckless Disregard Defense (¶ 11)

Plaintiff moves to strike paragraph 11, which states that "Defendants did not recklessly disregard Plaintiff's federally protected rights."[41]  Plaintiff relies on a 2022 decision by Judge Broomes striking the exact same defense as having no relationship to the FLSA claims asserted in that case by the Secretary.[42]  The Court agrees with Plaintiff and Judge Broomes that reckless

---

[39] *Dean v. Gillette*, No. 04-2100-JWL-DJW, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004) (quoting *Sierra Club v. Tri–State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997)).

[40] Doc. 31 at 7–8.

[41] *Id.* at 5.

[42] *U.S. Dep't of Lab. v. Los Cocos Mexican Rest., Inc.*, No. 22-1004-JWB, 2022 WL 16657180, at *6 (D. Kan. Nov. 1, 2022).

disregard for federally protected rights is not an element of any of the claims asserted by Plaintiff; therefore, the motion to strike this defense is granted.[43]

### E. Damages Defenses (¶¶ 3–6)

Defendants state in these defenses that Plaintiff has not suffered damages, that any damages were caused in whole or in part by sources other than Defendants, and that damages are speculative. Plaintiff moves to strike because, since this case is brought by the Secretary, there are no personal damages at issue. While Plaintiff's point is well taken, the Court declines to strike ¶¶ 3–5 on this basis. "[S]triking an affirmative defense is considered a 'drastic remedy,' and the court should only utilize the legal tool where the challenged allegations cannot succeed under any circumstances."[44] Here, Defendants are merely denying that damages exist. Defendants clearly understand that the claimed damages would be based on employees' lost wages and not based on personal damages incurred by the Secretary. Therefore, the motion to strike ¶¶ 3–5 is denied.

In ¶ 6, Defendants assert an affirmative defense of failure to mitigate. However, failure to mitigate is not an affirmative defense available to Defendants in this FLSA case.[45] Plaintiff's motion to strike ¶ 6 is therefore granted.

---

[43] *Id.* Defendants appear to misunderstand Plaintiff's citation to this authority, focusing on Judge Broomes' denial of the motion to strike a related but different defense of good faith and malice. The ruling cited by Plaintiff and relied on by this Court granted a motion to strike an almost identical defense to ¶ 11 here that "Defendants were not 'motivated by malice or evil motive or intent' and they 'did not recklessly disregard Plaintiff's protected rights.'" *Id.*

[44] *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1259 (D. Kan. 2011) (quoting *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008)) (citation omitted).

[45] *See, e.g.*, *Campbell v. A.S.A.P. Assembly, Inc.*, No. 13-0815, 2013 WL 6332975, at *3 (W.D. Okla. Dec. 5, 2013); *Tran v. Thai*, No. 08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010) (collecting cases). Defendants' reliance on *Brown v. ScriptPro, LLC* is inapposite. In that case, the Tenth Circuit affirmed this Court's summary judgment ruling in favor of the defendant on an FLSA overtime claim because the plaintiffs "failed to show the amount of overtime by justifiable or reasonable inference." 700 F.3d 1222, 1230 (10th Cir. 2012). This was because the plaintiff failed to enter his overtime hours in the defendant's timekeeping system. *Id.* The Tenth Circuit did not address a failure-to-mitigate defense on this claim. Instead, it affirmed this Court's finding that the plaintiff failed to establish his prima facie case. *Id.* at 1230–31.

F.      **Liquidated Damages Defense (¶ 14)**

In ¶ 14, Defendants state that "[a] pre-litigation assessment of liquidated damages was inappropriate and precluded potential resolution of the case." Plaintiff moves to strike on the basis that it misstates the law and attempts to interject settlement discussions into the matter. The Court finds that this statement is immaterial and irrelevant because it references settlement discussions.[46] How an event that occurred before this case was filed impacted the "potential resolution of the case" has no bearing on the merits of the claims asserted herein. Accordingly, the Court grants Plaintiff's motion to strike ¶ 14.

G.      **Denials in ¶¶ 3–10, 12–15, 17–22, 24–27, and 30**

Defendants generally move to strike these paragraphs on the basis that they are prejudicial by "adding unnecessary complexity to this otherwise straightforward FLSA matter."[47] The Court denies the motion to strike these paragraphs on this generalized basis. The Court has already ruled on the specific grounds for striking certain defenses. But given the high standard that applies to motions to strike, the Court declines to further find that this laundry list of statements in the aggregate have "no possible relation to the controversy"[48] and should be stricken based on the general allegation that they inject confusion and complexity into the litigation. The motion to strike these paragraphs on this ground is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Dismiss Defendants' Crossclaims, Pursuant to Rule 12(b)(6) (Doc. 34) is **granted**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion to Strike Defendants' Defenses 3–15 and 17–30 Pursuant to Rule 12(f) (Doc. 32) is **granted in part and**

---

[46] *See* Fed. R. Evid. 408.

[47] Doc. 33 at 14.

[48] *Falley*, 787 F. Supp. 2d at 1257 (quoting *Wilhelm*, 2008 WL 474265, at *2).

**denied in part**.  The motion to strike ¶¶ 6, 11, 14, 20, 23, and 28–29 is **granted**.  The motion to strike ¶¶ 3–5, 7–10, 12–13, 15, 17–19, 21–22, 24–27, and 30 is **denied**.

**IT IS SO ORDERED.**

Dated: February 1, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
